# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| MAGGAE JO JACKSON, | ) | CASE NO. 4:16cv1121 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | |
| JUDGE BENITA Y. PEARSON, | ) | |
| | ) | |
| DEFENDANT. | ) | |

On May 11, 2016, *pro se* plaintiff Maggae Jo Jackson filed this *in forma pauperis* action for "slander" against United States District Judge Benita Y. Pearson. The one-page complaint essentially alleges Judge Pearson improperly dismissed a previous case plaintiff filed in this Court. For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915(e).

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319, 324, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010).

---

[1] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking § 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *Chase Manhattan Mortg. v. Smith*, 507 F.3d 910, 915 (6th Cir. 2007); *Gibson v. R.G. Smith Co.*, 915 F.2d 260, 261 (6th Cir. 1990) (citations omitted); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986).

Judicial officers are generally absolutely immune from civil suits for money damages. *Mireles v. Waco*, 502 U.S. 9, 9, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991) (collecting cases); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997) (collecting cases). This far-reaching protection is needed to ensure that the independent and impartial exercise of judgment is not impaired by the exposure of potential damages. *Barnes*, 105 F.3d at 1115. For this reason, absolute immunity is overcome only in two situations: (1) when the conduct alleged is not performed in the judge's judicial capacity; or (2) when the conduct alleged, although judicial in nature, is taken in complete absence of all jurisdiction. *Barnes*, 105 F.3d at 1116 (citing, among authority, *Mireles*, 502 U.S. at 11-12). Plaintiff alleges no facts suggesting either of these criteria has been met in this case.

Based on the foregoing, plaintiff's request to proceed *in forma pauperis* is granted, and this action is dismissed under § 1915(e). Further, the Court certifies, pursuant 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: May 17, 2016

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**